(Hamilton County Court of Insolvency.)

## IN RE ASSIGNMENT OF FREDERICK BREMER,

*Right of an assignor to claim his exemption from a surplus arising from the sale of mortgaged property—When demand should be made.*

(Decided November. 1895.)

McNEILL, J.

The assignor Frederick Bremer made an assignment for the benefit of his creditors to Oscar W. Kuhn. The property assigned consisted of the stock and fixtures of his shoe-store. There were several chattel mortgages, each covering the entire property assigned. The property has been sold, and after payment of these mortgages, a surplus remains, out of which the assignor claims an exemption in lieu of homestead, and has filed his application for its allowance since the property was sold. The application is resisted by creditors on the ground that under section 6348, Revised Statutes, the application should have been made before the sale of the property. The assignor, in the deed of assignment, reserved his right to all exemptions under our statutes. .

Section 6348, Revised Statutes, provides that "no assignment for the benefit of creditors shall be construed to include or cover any property exempt from levy or sale on execution, or from being by any legal process applied to the payment of debts, unless in the assignment the exemption is expressly waived; or any property belonging to the wife of the assignor, nor to require the assignor to deliver up any of such property; and as to the homestead exemption, and exempt property that has to be selected by the debtor and his wife, the appraisers appointed by the court shall, on making the appraisement, set the same off in the same way that the appraisers of property levied on or attached are required to do; and if for any reason this setting off is then omitted, the court may at any time thereafter and before sale order the same to be done by the appraisers."

But in this case the assignor, in opposition to his mortgages, which covered the entire property, could claim no exemption. Harris v. Tiffany, 25 Ohio St. 549-554.

"The interest of a mortgagee under a chattel mortgage is that of a general owner of the property mortgaged." Robinson v. Fitch, 26 Ohio St. 659.

The mortgagee under a chattel mortgage on condition broken, has a right to recover the property under his mortgage, being liable only to account to the mortgagor for the surplus after payment of his debt secured by the mortgage. Harris v. Tiffany, supra.

Therefore when the assignment was made there was no property that the assignor could demand or select. He could not then demand the surplus arising on sale, because a surplus can have no existence or identity until after the sale and satisfaction of the liens, costs, expenses, etc. Having reserved his right to exemption in the deed, and now having made his formal application within a reasonable time after the surplus was ascertained and before distribution, he has done all that he could do toward claiming his exemption. In Chilcote v. Conley, (36 Ohio St. 545-549), wherein it was sought to subject a credit through process of garnishment to payment of a debt, and the debtor made claim for exemption, it was held that the selection could be made at any time before the money was in fact applied to the payment of the debt. The right to exemption being founded in this humane policy of our laws, our courts have uniformly held that the statutes granting exemption should be liberally construed, and

that no mere technicality should defeat the right. The application for exemption will therefore be granted.

Dustin, English & Winslow, for the assignor.

Samuel Wolfstein, for the creditors.